JEWELL ELECTRICAL INSTRUMENT COMPANY, Appellant, *v.* THE NATIONAL CITY BANK OF NEW YORK, Respondent.

First Department, February 4. 1927.

Banks and banking — action to recover proceeds of draft forwarded through defendant for collection — goods representing draft were forwarded through export corporation which owed defendant on draft previously discounted for said corporation — draft in question was drawn by export corporation but there was evidence to show that defendant was informed that it was for goods shipped by plaintiff — Factors' Act (Pers. Prop. Law, § 43) has no application — defendant is liable if proceeds of draft belong to plaintiff, which is question of fact — error to direct verdict for defendant.

This is an action to recover the amount of a draft drawn by an export corporation, through which plaintiff shipped goods. The draft was delivered to defendant for collection. The defendant collected the draft, deposited the amount to the credit of the export corporation and charged against the deposit a debt due from the export corporation to the defendant. There was evidence tending to show that the defendant had notice that the export corporation had no interest in the draft and that it was drawn to cover the sale price of goods shipped by the plaintiff through the export corporation. The Factors' Act (Pers. Prop. Law, § 43) did not give the defendant any right to charge against the amount of the draft a debt owing by the export corporation, for the draft was not transferred to the defendant, but was delivered to it for the purpose of collection only, and, furthermore, the defendant made no advance to the export corporation on the faith of the draft.

If the proceeds of the draft were the property of the plaintiff, as the evidence indicates, the defendant had no right to use the proceeds to pay an obligation of the export corporation, but whether or not the proceeds of the draft were the property of the plaintiff was a question of fact, and it was error for the court to direct a verdict for the defendant.

APPEAL by the plaintiff, Jewell Electrical Instrument Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 24th day of November, 1925, upon the verdict of a jury rendered by direction of the court.

*John Vernou Bouvier, Jr.*, of counsel [*Herbert M. Simon* with him on the brief; *Black, Varian & Simon*, attorneys], for the appellant.

*Walter K. Earle* of counsel [*Shearman & Sterling*, attorneys], for the respondent.

FINCH, J. The question presented for review is the right of a bank to offset against the proceeds of a draft received by it for collection from a forwarding agent, a debt owing to the bank, not by the owner of the draft, but by the agent through whom certain goods to be paid for by said draft were forwarded.

The plaintiff sued the National City Bank of New York and the Electrical Manufacturers Export Corporation as for money had and received. Upon intermediate motions, the action was severed and judgment taken without opposition against the Export Corporation. The action was continued against the National City Bank as sole defendant.

The claim arose out of the following transaction: The plaintiff sold certain goods to a foreign vendee and shipped the same through the Electrical Manufacturers Export Corporation. The latter delivered to the defendant a draft upon the vendee, accompanied by bills of lading and other usual documents. Said draft was delivered to the defendant bank for collection only, the bank having previously declined a request to discount the same. The defendant thereafter collected the money and deposited the same in the account of the Electrical Manufacturers Export Corporation. The defendant then charged against the account a debt which the defendant claimed was owing to it by the said corporation. The claim of the defendant against the Electrical Manufacturers Export Corporation is based on a draft of one Willard, which the defendant had discounted, and there is a question as to whether this was the personal draft of Willard or that of the Export Corporation, of which Willard was an officer and director. It is not necessary to go into this incidental question since it is not material. For the purposes of this appeal, it may be assumed that the obligation on the Willard draft is that of the Export Corporation. The draft received by the defendant as aforesaid for collection was paid on July 6, 1921. On April 2, 1921, the plaintiff had written directly to the defendant identifying the draft by name, number and amount, and inquiring when " we may expect to realize on this shipment." There also was testimony to the effect that the defendant previously had been informed that the Export Corporation was acting as an export selling and forwarding agent only and never doing any business or selling on its own account, and that among its clients was the plaintiff. If, therefore, the question of notice to the defendant were material, it would appear that the defendant had such notice; or at the least a question of fact was presented which should have prevented the direction of a verdict for the defendant. (*Kinston Cotton Mills* v. *Kuhne, No. 1,* 129 App. Div. 250; *Foreign Trade Banking Corporation* v. *Gerseta Corporation,* 237 N. Y. 265.)

The respondent relies upon the Factors' Act (Pers. Prop. Law, § 43, as amd. by Laws of 1915, chap. 273) in so far as it provides in effect that every factor or agent intrusted with the possession of any documents of title or with the possession of merchandise for sale or as

security for advances, shall be deemed the true owner thereof so far as to give validity to any contract made by such agent with any other person for the sale or disposition of the merchandise, or any chose in action created by sale or other disposition of such merchandise, " for any money advanced, or negotiable instrument or other obligation in writing given by such other person upon the faith thereof." This section is in no way applicable to the facts in the case at bar, since the defendant bank advanced no money upon the faith of the goods or the documents of title, nor is there involved the claim of any person whatsoever who advanced any moneys in reliance thereon. There is no ambiguity in the language of the statute. Clearly its provisions apply only where advances have been made or obligations incurred in reliance upon the agent's possession and *prima facie* ownership of the property in question. Judicial construction to this effect is not lacking, however. In *Kinston Cotton Mills* v. *Kuhne, No. 1* (129 App. Div. 250, 257), it was said by Mr. Justice Scott, writing for the court: " I have, therefore, no doubt that ' on the faith thereof,' at the end of the third section of the New York Factors' Act* means ' on the faith of ' the possession by the factor of the goods, or their evidences of title previously mentioned therein, with the owner's consent.   *   *   * "

It is unnecessary to go into the details of the claim upon which the defendant bases its right of setoff, since the defendant was not a purchaser of the draft in question and, therefore, acquired no right to offset any claim against the proceeds thereof. It may be noted, however that the defendant had discounted the Willard draft prior to the time it received the draft in question for collection and, therefore, could not possibly have made such advance upon the faith thereof. All the foregoing is predicated upon the assumption that the proceeds of the draft was the property of the plaintiff as distinguished from the Export Company. If the proceeds of the draft was in fact the property of the Export Company and not that of the plaintiff for whom the Export Company was merely acting as agent, a different situation is presented. This, however, presented a question of fact. It follows that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Dowling, P. J., Merrell, McAvoy and Proskauer, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.

* See Laws of 1830, chap. 179, § 3; now Pers. Prop. Law, § 43, as amd. by Laws of 1915, chap. 273. — [Rep.